UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**
APR 1 5 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ KM _____ DEP CLK

NO. 5:13-CR-108-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | Fed. R. Crim. P. 7 |
| ROBERT SCOTT FARMER ) | |
| ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

FACTUAL BACKGROUND

At all times relevant hereto,

1. Defendant ROBERT SCOTT FARMER (hereinafter referred to as "FARMER") was a Sergeant First Class in the United States Department of the Army assigned to the 3rd Special Forces Group based at Fort Bragg, North Carolina.

2. Between July 2008 through February 2009 and January 2010 through January 2010, FARMER was deployed to Afghanistan with the 3rd Special Forces Group under the command of the Combined Joint Special Operations Task Force.

3. During both these deployments, FARMER had control over government operational funds as a paying agent. From the funds he controlled, FARMER stole approximately $15,400, which he converted into United States Postal Orders. These Postal Orders were subsequently deposited into his and his wife's joint bank accounts. FARMER covered up the theft by submitting inflated receipts and/or

vouchers to the disbursing agents in Afghanistan.

4. FARMER returned from each deployment to Ft. Bragg, in Fayetteville, North Carolina.

## THE OFFENSE CONDUCT

5. Beginning in or about July 2008 and continuing through in or about July 2010, the exact dates being unknown, in the Eastern District of North Carolina, in Afghanistan, and elsewhere, FARMER, defendant herein, did knowingly and unlawfully embezzle, steal, purloin, and convert to her use, and the use of another, things of value of the United States and a department and an agency thereof, the value of which in the aggregate did exceed the sum of $1,000, all in violation of Title 18, United States Code, Sections 641.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of 18 U.S.C. Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461, and 31 U.S.C. § 5332(b)(2), that all of her interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offense as alleged in Count One of this criminal information, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained directly or indirectly as a result of the said offense.

The forfeitable property includes, but is not limited to:

(1) personal property;

(2) real property; and

(3) currency in the amount of $15,400;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third person;
(3) has been placed beyond the jurisdiction of the court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in accordance with 18 U.S.C. § 981 and 31 U.S.C. § 5332(b)(2).

THOMAS G. WALKER
United States Attorney

BY: SUSAN B. MENZER
Assistant United States Attorney
Criminal Division

3